UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COOK MEDICAL INCORPORATED and COOK INCORPORATED, Plaintiffs, | ) ) ) ) ) | |
| vs. | ) ) | 1:08-cv-188-SEB-JMS |
| ANDREA GRIFFIN, DANIEL ZUBIRIA, PATRICK MORRISSEY, MICHAEL S. WILKINS, and ENDOLOGIX, INC., Defendants. | ) ) ) ) ) | |

**SUPPLEMENTAL ORDER ON PRELIMINARY INJUNCTION**

On March 25, 2008, this Court granted Plaintiffs' Motion for Preliminary Injunction (Docket No. 6), following a two-day presentation of testimony, evidence, and oral arguments. The Court declared its ruling on Plaintiffs' Motion from the bench, and thereafter a written Order establishing the terms of the preliminary injunction was hand-delivered to the parties. We now supplement that Order in order to place it into the requisite framework for preliminary injunctive relief.

The standard for granting a preliminary injunction is well-established. In order to obtain preliminary injunctive relief, a moving party must demonstrate:

1. that it is reasonably likely to succeed on the merits;
2. there is no adequate remedy at law;
3. it is suffering irreparable harm that outweighs any potential harm to the nonmovant if the injunction is granted; and
4. the public interest would not be harmed by an injunction.

Christian Legal Society v. Walker, 453 F.3d 853, 859 (7th Cir. 2006).

Based upon the findings of fact and legal reasoning delivered orally by the Court at the conclusion of the hearing, Cook has demonstrated that it has a reasonable likelihood of success on the merits as to enforcement of Paragraph 3(c) of the Non-Competition Agreements.  As to enforcement of Paragraph 4, however, it does not appear reasonably likely that Cook would prevail on the merits, for the reasons declared in our oral ruling.

Further, as we stated orally, Cook has no adequate remedy at law; indeed, Indiana courts have routinely held (and the Indiana Supreme Court has recently reaffirmed) that a preliminary injunction is an appropriate remedy for breach of a noncompetition agreement.  See  Central Indiana Podiatry, P.C. v. Krueger, __ N.E.2d __, 2008 WL 642529 (Ind. Mar. 11, 2008), at *7-*8 (collecting cases).  See also JAK Productions Inc. v. Wiza, 986 F.2d 1080, 1084 (7th Cir. 1993).  It is clear that money damages alone would not be sufficient to remedy the harm that could result if Cook's goodwill is further damaged, and its confidential information continually used, by continued breach of the noncompetition agreements.

The balance of harms also weighs in favor of granting preliminary injunctive relief.  For the reasons we have described, Cook could suffer substantial, irreparable harm if preliminary injunctive relief is not granted.  Individual Defendants, however, will be able to continue to sell Powerlink products to any customer *except* their former Cook accounts.  Further, Endologix will be able to solicit business from these former Cook customers through other Endologix sales representatives who are not bound by noncompetition agreements, so long as any confidential information gleaned from Cook

by breach of the agreements is not utilized.  For these same reasons, we find that there has been no demonstration that a preliminary injunction would disserve the public interest.

Accordingly, Cook's motion for preliminary injunction is **GRANTED** in accordance with the terms detailed in our prior Order (Docket No. 37).

IT IS SO ORDERED.


Date: ___03/27/2008___

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Blake J. Burgan
SOMMER BARNARD ATTORNEYS, PC
bburgan@sommerbarnard.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Thomas Ransel Devoe
SOMMER BARNARD ATTORNEYS, PC
tdevoe@sommerbarnard.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Michael C. Terrell
SOMMER BARNARD ATTORNEYS, PC
mterrell@sommerbarnard.com