UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COOK MEDICAL INCORPORATED and <br> COOK INCORPORATED, <br> Plaintiffs, <br><br> vs. <br><br> ANDREA GRIFFIN, DANIEL ZUBIRIA, <br> PATRICK MORRISSEY, MICHAEL S. <br> WILKINS, and ENDOLOGIX, INC., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:08-cv-188-SEB-JMS |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO CLARIFY**

This cause comes before the Court on the Motion to Clarify [Docket No. 43] filed by Defendants on April 9, 2008.  Defendants seek clarification regarding the terms of our March 25, 2008 Order granting preliminary injunctive relief to Plaintiffs, which we issued immediately following a two-day preliminary injunction hearing held on March 24 and 25, 2008.  For the reasons detailed in this entry, we GRANT IN PART and DENY IN PART Defendants' motion.

*Paragraph 1 of March 25, 2008 Order*

Defendants request clarification as to two sections of our Order.  The first pertains to Paragraph 1, in which we enjoined the individual Defendants from sales and other competitive activities relating to their former Cook customers and prospective customers "for a period of 24 months from the date of this order, or until the court otherwise

determines[.]"  March 25, 2008 Order [Docket No. 37] ¶ 1.  We based this time limitation on the terms of the individual Defendants' non-compete agreements with Cook, which prohibit certain competitive activities "for a period of 24 months (which shall be extended by the length of any period during which [the employee] is in violation of [the terms of the agreement])[.]" Non-Compete Agreement ¶ 3.

Defendants request that this provision be modified as it applies to Defendant Patrick Morrissey.  Defendants cite evidence presented at the preliminary injunction hearing demonstrating that Mr. Morrissey did not compete with Cook during the twelve-month period he was employed by Possis Medical, Inc., following the termination of his employment with Cook, and before he became employed by Defendant Endologix.  Accordingly, Defendants maintain that only twelve months remain on the term of Mr. Morrissey's covenant not to compete with Cook.  Plaintiffs object that Mr. Morrissey retained confidential Cook information during this period, and rely also upon our oral findings regarding the credibility of Defendants' testimony generally.

Upon review, we hold that Defendants' motion is well-taken.  As to Mr. Morrissey's period of employment with Possis Medical, the evidence presented at the preliminary injunction hearing does not demonstrate that Mr. Morrissey engaged in competitive activity prohibited by his non-compete agreement with Cook during that twelve-month period.  Accordingly, Defendants' motion is <u>GRANTED</u> as to the requested clarification of Paragraph 1 of our March 25, 2008 Order.  The provisions of Paragraph 1 are thus amended to pertain to Defendant Morrissey for a period of *twelve*

*months* from the date of the March 25, 2008 Order, or until this court otherwise determines; as to each remaining individual Defendant (Defendants Griffin, Zubiria, and Wilkins), the twenty-four-month period of injunction (or until such point as this court otherwise determines) remains in effect.

### *Paragraph 7 of March 25, 2008 Order*

Defendants also seek clarification of the terms in Paragraph 7 of our March 25, 2008 Order. That section provides as follows:

> Endologix is *not* enjoined from further sales to or servicing of AAA customer accounts tied to the individual Defendants, so long as the contacts maintained by the sales agent are by someone other than the four individual Defendants. Any such sales or servicing must be performed without reliance on confidential Cook materials or information which Endologix may have access to.

March 25, 2008 Order ¶ 7.

Defendants object that the language of this provision is too broad, in that it "extend[s] the scope of the covenants not to compete . . . such that the individual Defendants would be enjoined from engaging in business on behalf of Endologix with his or her own former Cook accounts **and** the other individual Defendants' former Cook accounts, regardless of whether he or she ever had any relationship with these accounts." Defs.' Mot. ¶ 2 (emphasis in original). Defendants propose that the provision be rewritten to clarify that each individual Defendant may make contacts with the customer accounts formerly held by the *other* individual Defendants.

3

Plaintiffs counter that the provision as written is reasonable and justified in light of Defendants' deliberate and egregious disregard for the terms of the non-compete agreements. We agree. In our oral findings at the preliminary injunction hearing, we noted our doubts about Defendants' abilities to self-police their sales activities, in light of our serious concerns about the credibility of Defendants' testimony and the bad faith they had exhibited in flagrantly violating their non-compete agreements. Moreover, as Plaintiffs point out, the individual Defendants are not strangers to one another; they were colleagues while employed at Cook and, in conjunction with this litigation, they share common counsel and no doubt collaborate on their defense. Based on the bad faith the individual Defendants have exhibited (and Endologix' active encouragement that the individual Defendants disregard their non-compete obligations), we consider it likely that Defendants will work in concert in order to circumvent the terms of their non-compete agreements and our injunctive orders by "handing off" the accounts of one individual Defendant to another individual Defendant. Thus, we <u>DENY</u> Defendants' request to narrow the terms of our order as to this provision. See <u>AGS Capital Corp., Inc. v. Product Action Int'l, LLC</u>, 884 N.E.2d 294, 315 (Ind. Ct. App. 2008) ("A preliminary injunction with a more expansive scope is warranted where the violations of the law and resulting harm are more outrageous. . . . [A] trial court must have the power to tailor the equitable remedy of a preliminary injunction to best prevent further harm to the plaintiff.").

Accordingly, Defendants' motion is <u>GRANTED IN PART</u> insofar as the length of the injunction described in Paragraph 1 of our Order is shortened to twelve months as to

Defendant Morrissey only. It is <u>DENIED IN PART</u> as to the requested clarification of Paragraph 7 of our Order. The Clerk is directed to transmit this order forthwith to the Seventh Circuit for inclusion in the appellate record now under review by that court. IT IS SO ORDERED.

Date: __05/27/2008_____

_[signature: Sarah Evans Barker]_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP
bburgan@taftlaw.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Thomas Ransel Devoe
TAFT STETTINIUS & HOLLISTER LLP
tdevoe@taftlaw.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP
mterrell@taftlaw.com