UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COOK MEDICAL INCORPORATED and | ) | |
| COOK INCORPORATED, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|   vs. | ) | 1:08-cv-188-SEB-JMS |
| | ) | |
| ANDREA GRIFFIN, DANIEL ZUBIRIA, | ) | |
| PATRICK MORRISSEY, MICHAEL S. | ) | |
| WILKINS, and ENDOLOGIX, INC., | ) | |
|     Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO STAY PRETRIAL PROCEEDINGS**

This cause comes before the Court on Defendants' Motion to Stay Pretrial Proceedings [Docket No. 55]. Cook brought this suit against Defendants – four former Cook sales representatives and their new employer, Endologix – claiming breach of the Employee Defendants' noncompetition agreements, tortious interference with those contracts by Endologix, and tortious interference with business relations by all Defendants. On March 25, 2008, we held an evidentiary hearing, at the conclusion of which we issued an order [Docket No. 37] granting preliminary injunction in favor of Cook in this matter. On April 16, 2008, Defendants appealed from our preliminary injunction ruling to the United States Court of Appeals for the Seventh Circuit; that appeal is currently pending. Defendants now seek a stay of pretrial proceedings in this matter pending resolution of their interlocutory appeal.

Defendants assert that, if the Court of Appeals agrees with Defendants' contention

that the covenants not to compete upon which the injunction order is based are unenforceable as a matter of law, this lawsuit will be effectively resolved. They seek to stay pretrial discovery, motion practice, and trial preparation so as to avoid a potentially unnecessary expense of resources and preserve judicial economy. Defendants emphasize that they will continue to comply with our injunction order unless otherwise instructed.

Cook rejoins that there is no basis for a stay, and note that our injunction order is based on only two of their three claims (breach of contract and tortious interference with contract). Cook adds that it is considering amending its complaint (according to the Case Management Plan submitted by the parties, it would have until July 14, 2008, to seek leave to do so)[1] in order to add additional claims which might not be based on the noncompete covenants. Cook argues that it should be permitted to proceed with pretrial discovery and litigation of claims not implicated in the appeal, including potentially new claims, and notes that delay of the proceedings will prejudice Cook as witnesses' memories fade and evidence may be lost over time.

"[A] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Radio Corporation of America v. Igoe, 217 F.2d 218, 220 (7th Cir. 1955) ("The power to stay proceedings is incidental to the power inherent in every court to control the

---

[1] We note that a Case Management Plan has been jointly tendered by the parties, on May 9, 2008 [Docket No. 54], but has not yet been approved by the Court. On May 21, 2008, Magistrate Judge Magnus-Stinson took the parties' proposed Case Management Plan under advisement pending our ruling on this motion to stay. See Docket No. 56.

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").[2] We recognize the potential inefficiency of proceeding as normal through this litigation while Defendants' appeal of the enforceability of the noncompete agreements – a central and dispositive issue – is pending before the Court of Appeals. However, we also recognize Cook's competing interests in the speedy resolution of this dispute and in timely access to evidence supporting their claims.

Thus, in the interests of fairness and efficiency, we DENY Defendants' motion to stay proceedings as to the pretrial pleadings (including motions for leave to amend the pleadings), disclosures, and discovery deadlines discussed in Sections 3 and 4 of their Proposed Case Management Plan. However, we GRANT Defendants' motion to stay as to dispositive motions discussed in Section 4, and the pre-trial conference and trial dates discussed in Sections 5 and 6. By allowing discovery to proceed during the pendency of the interlocutory appeal but delaying time-consuming dispositive motion practice, the parties will be poised to resume this litigation quickly upon the issuance of the Court of

---

[2] The parties dispute the proper standard for granting a stay pending interlocutory appeal. Cook relies upon the four-factor test articulated in Hilton v. Braunskill, 481 U.S. 770, 776 (1987), which mirrors the standard we apply to determine whether injunctive relief should issue initially: i.e., whether the appellant is likely to succeed on the merits on appeal, whether the appellant is likely to suffer irreparable injury absent a stay, whether other parties will be substantially injured by the issuance of a stay, and where the public interest lies. Id.; see also Fed R. Civ. P. 62(c) (giving courts authority to suspend or modify an injunction pending appeal from an interlocutory order or final judgment). However, as Defendants correctly note, this four-factor test generally applies to staying enforcement of *an order* pending appeal (but see Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cr. 1989) (noting in *dicta* that a district court's decision regarding whether to stay a trial may depend on "the appellant satisf[ying] the traditional criterial for obtaining a stay – including demonstrating probability of success on the merits")). Because Defendants do not seek to stay enforcement of our injunction order, we need not cast our holding in the four-factor framework described in Hilton.

Appeals' opinion. Accordingly, Defendants' motion is <u>GRANTED IN PART</u> and <u>DENIED IN PART</u>.

 IT IS SO ORDERED.

Date: 07/03/2008

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP
bburgan@taftlaw.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Thomas Ransel Devoe
TAFT STETTINIUS & HOLLISTER LLP
tdevoe@taftlaw.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP
mterrell@taftlaw.com